UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PHILANDER S. McFARLAND ]
    Plaintiff, ]
]
v. ] No. 3:14-0622
] Judge Haynes
STEPHAINE A. POOL ]
    Defendant. ]

## MEMORANDUM

Plaintiff, Philander S. McFarland, an inmate at the Federal Correctional Institution in Terre Haute, Indiana, filed this pro se action under 18 U.S.C. §§ 242, 1073, 1509 (Docket Entry No. 1) and 42 U.S.C. § 1983 (Docket Entry No. 10) against the Defendant Stephaine Pool, a Case Manager at the South Central Correctional Center.[1] Plaintiff seeks damages for two instances in which the Defendant allegedly refused to notarize papers for him. Plaintiff alleges that he had been ordered by the Court to provide these documents.

Plaintiff's claims are under 18 U.S.C. §§ 242, 1073 and 1509. These are criminal statutes for which there is no private right of action. *See* Purk v. United States, 747 F. Supp. 1243 (S.D. Ohio 1989). Thus, these claims are not actionable and shall be dismissed.

As to Plaintiff's claim under 42 U.S.C. § 1983, to state a claim for § 1983 relief, the Plaintiff must plead plausible facts that the Defendant, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

---

[1]Two months after filing his original complaint (Docket Entry No. 1), the Plaintiff filed a second complaint (Docket Entry No. 10) against the same defendant. The second complaint as an amendment supercedes the original complaint.

A prisoner has a First Amendment right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821-823 (1977). To insure the meaningful exercise of this right, prison officials are under an affirmative obligation to provide inmates with access to an adequate law library, Walker v. Mintzes, 771 F.2d 920 (6th Cir.1985), or some alternate form of legal assistance. Procunier v. Martinez, 416 U.S. 396, 419 (1974). Yet, Plaintiff must allege facts that the Defendant's conduct prejudiced him the filing or prosecution of a legal matter. Walker, at 771 F.2d at 932.

Plaintiff alleges first that the defendant would not notarize his application to proceed *in forma pauperis* in another case and, as a result, that case was dismissed. *See* McFarland v. Sumner County Police Department, et al., Civil No. 3:11-0209 (M.D. Tenn.); Docket Entry No. 6. Yet, there, Plaintiff was also required to sign his complaint and return it with the appropriate documentation within thirty days. Plaintiff never responded to the Court's Order within the designated period of time nor sought an extension if he were unable to obtain notary services from the Defendant. Thus, any prejudice is due to Plaintiff's failure to respond rather than the Defendant's alleged refusal to notarize his documents.

Plaintiff also alleges that the Defendant refused to notarize his pauper documents in this action. Docket Entry No. 10. The Court notes, however, that the Plaintiff has been granted pauper status, Docket Entry No. 13, and Plaintiff has not been prejudiced by the Defendant's alleged misconduct. Thus, the Court concludes Plaintiff has failed to state a claim upon which § 1983 relief can be granted.

Absent a federal claim, the Court must dismiss the complaint. 28 U.S.C. § 1915(e)(2).

An appropriate Order is filed herewith.

ENTERED this the 20th day of October, 2014.

WILLIAM J. HAYNES, JR.
United States District Judge